UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SCOTT A. STEPIEN

                          Plaintiff,

-vs-

DAVID S. SCHAUBERT
F. WARREN KAHN
LOUIS M. PALMERI
ROBERT LAUB
JAMES MEZHIR
KARL W. KRISTOFF
HODGSON RUSS LLP

                          Defendants.

**REPLY AFFIDAVIT**
CIV. NO: 08 CV 0487A
JUDGE: Hon. Hugh B. Scott

---

STATE OF NEW YORK   )
COUNTY OF ERIE       ) ss:
CITY OF BUFFALO     )

BRIAN SUTTER, ESQ., being duly sworn, deposes and says:

1. I am an attorney duly licensed to practice in the State of New York and am a member of the Sugarman Law Firm, LLP, attorneys for the defendant, F. Warren Kahn. As such, I am fully familiar with the facts and circumstances of this matter.

2. I make this affidavit in reply to the various papers served by the plaintiff in opposition to the motion for summary judgment brought on behalf of F. Warren Kahn.

3. Initially, it is submitted that the "Statement of Material Facts" submitted by Mr. Stepien is for the most part nothing more than subjective argument without citation to the record before the court. To the extent that the "Statement of Material Facts" submitted by Mr. Stepien requires a response, on behalf of the defendant F. Warren Kahn, the facts set forth in paragraphs 1 and 2 are admitted. The remainder of the paragraphs in Mr. Stepien's

"Statement of Material Facts" are denied because they are either without support in the record or are not material to the issues before the court.

3. On the other hand, Mr. Stepien has failed to contest the Statement of Material Facts submitted in support of the defendant's motion for summary judgment, and as a result, those facts are now deemed to be admitted.

4. Finally, it is disingenuous for Mr. Stepien to submit correspondence from Mr. Kahn advising Mr. Stepien and Edward Lilly that they would not be provided attorney representation at the hearing to adjudicate the charges against them.

5. As Mr. Stepien is well aware, a Board member facing removal is not entitled to legal representation from the Board of Education, but is, of course, entitled to retain an attorney on his own behalf. Mr. Stepien declined to exercise that option. (See page 9 of Exhibit R submitted on behalf of the defendants in support of the motions for summary judgment; see page 294 of Exhibit E submitted on behalf of the defendants in support of the motions for summary judgment.)

6. As to the merits of the opposition filed by Mr. Stepien, the papers submitted by him are insufficient to defeat the motion for summary judgment because he has failed to submit proof in evidentiary form to create an issue of fact requiring a trial of this matter.

7. Contrary to plaintiff's assertion, he was indeed in violation of Section 2102(a) of the New York Education Law for his failure to undergo the required training within a year of the commencement of his term as a member of the Board of Education, despite the fact that the plaintiff was provided numerous notices of the requirement that he undergo fiscal oversight responsibility training as a newly-elected member of the Lewiston Porter Central School District Board of Education.

8. Therefore, it was entirely reasonable for the Lewiston Porter Central School District Board of Education to come to the conclusion that Mr. Stepien had deliberately refused

to undergo the required training. The Board of Education acted appropriately in conducting a hearing on plaintiff's deliberate failure to undergo the training, and Mr. Kahn's actions as attorney for the Board of Education were entirely appropriate.

9. The plaintiff has failed to present facts or relevant case law contesting Mr. Kahn's entitlement to a dismissal of the plaintiff's Section 1983 claim. Simply put, and as established by the papers submitted on behalf of Mr. Kahn, he was not "personally involved" nor was he acting under "color of state law" as required by the relevant case law.

10. The plaintiff has failed to present facts or relevant case law contesting Mr. Kahn's establishment of absolute privilege as an attorney acting on behalf of the Lewiston Porter Central School District Board of Education.

11. The plaintiff has failed to present facts or relevant case law contesting the defendant's contention that the intra-corporate conspiracy doctrine bars plaintiff's conspiracy claims.

12. Finally, the plaintiff has failed to raise any contention related to the motion to dismiss plaintiff's defamation claims, and has apparently abandoned that cause of action.

13. Mr. Stepien's opposition is defective, and the motion brought on behalf of F. Warren Kahn should be, in all respects, granted.

_____
BRIAN SUTTER

Sworn to before me this
9th day of September, 2009.
_____
Notary Public

CYNTHIA A. HUNT
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Feb 2, 20 10

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK   )
COUNTY OF ERIE      ) ss:
CITY OF BUFFALO     )

    BRIAN SUTTER, ESQ., being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at Buffalo, New York.

    That on the ___9th___ day of September, 2009 deponent served the within Reply Affidavit upon:

> Michael A. Brady, Esq.
> Hagerty & Brady
> Suite 1010
> 69 Delaware Avenue
> Buffalo, New York 14202-3875
>
> Todd C. Bushway, Esq.
> Colucci & Gallaher, P.C.
> 2000 Liberty Building
> Buffalo, New York 14202

by electronic mail to www.nywd.uscourts.gov, and

> Scott A. Stepien, Esq.
> 5279 Military Road
> Lewiston, New York 14092

the address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                                              BRIAN SUTTER

Sworn to before me this
__9th__ day of September, 2009
_____
Notary Public

CYNTHIA A. HUNT
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Feb. 2, 20__