UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SCOTT A. STEPIEN

                        Plaintiff,                       Civil Case No. 1:08-CV-0487A

vs.

DAVID S. SCHAUBERT; F. WARREN KAHN;
LOUIS M. PALMERI; ROBERT LAUB;
JAMES MEZHIR; KARL W. KRISTOFF
and HODGSON RUSS, LLP

                        Defendants.

---

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

---

DATED:    Buffalo, New York
               September 11, 2009


Michael J. Keane, Esq.
Todd C. Bushway, Esq.                      COLUCCI & GALLAHER, P.C.
*Of Counsel*                                    *Attorneys for Defendants*
                                                   *David S. Schaubert, Louis M. Palmeri,*
                                                   *Robert Laub and James Mezhir*
                                                   2000 Liberty Building
                                                   424 Main Street
                                                   Buffalo, New York  14202
                                                   (716) 853-4080
                                                   mkeane@colucci-gallaher.com
                                                   tbushway@colucci-gallaher.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................iii

PRELIMINARY STATEMENT .............................................................................................1

ARGUMENT............................................................................................................................2

      I.      PLAINTIFF'S OPPOSING PAPERS FAIL TO
             RAISE QUESTIONS OF FACT SUFFICIENT TO
             PRECLUDE THE GRANTING OF SUMMARY JUDGMENT
             DISMISSING THE AMENDED COMPLAINT..........................................2

      II.     PLAINTIFF HAS NOT ESTABLISHED THAT
             THE HEARING WAS ILLEGAL ...................................................................4

      III     DEFENDANTS ARE PROTECTED BY ABSOLUTE
             AND/OR QUALIFIED PRIVILEGE .............................................................5

      IV.    OPEN MEETINGS LAW ................................................................................9

CONCLUSION.......................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**                                                                            **PAGE**

*Board of Education of City of Buffalo v. Buffalo Council of Supervisors and Administrators*, 52 A.D.2d 220, 383 N.Y.S.2d 732 (4th Dept. 1976) ................................. 5

*Bolton v. City of Dallas*, 472 F.3d 261 (5th Cir. 2006) .................................................................. 6

*Boice v. UNISYS Corp.*, 40 F.3d 1145 (2nd Cir. 1995) ................................................................. 5

*Cutrera v. Board of Supervisors of Louisiana State University*, 429, F.3d 108, 13 (5th Cir. 2005) ................................................................................................................ 9

*Ellis v. Coffee County Board Registrars*, 918 F.2d 1185 (11th Cir. 1993) .................................. 6

*Hill v. Williamsville Southeast Amherst Homeowners Association, Inc.*, 140 A.D.2d 967 (4th Dept. 1988) ................................................................................................ 9

*Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) ......................... 8

*Malley v. Briggs*, 475 U.S. 335, 341, 343, 106 S.Ct. 1092, 89 L.Ed2d 271 (1986) .................. 8

*McCullough v. Wynadanch Union Free School*, 187 F.3d 272 (1999) ....................................... 6

*Mislin v. City of Tonawanda School District*, 2007 WL 9522048, *15 (W.D.N.Y.) ................ 7

*Mobil Oil v. City of Syracuse*, 224 A.D.2d 15 (4th Dept. 1996) ................................................. 9

*Park Knoll Associates v. Schmidt*, 59 N.Y.S.2d 205, 464 N.Y.S.2d 424 (1983) ....................... 5

*Taylor v. Beckham*, 178 U.S. 548, 20 S.Ct. 890 (1900) ............................................................. 6

*Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783 (1951) .......................................................... 5

*Velez v. Levy*, 401 F.3d 75, (2nd Cir. 2004) ............................................................................... 6

**STATUTES**                                                           **PAGE**

Federal Rules of Civil Procedure, Rule 56(e)(2)-3 ....................................................................... 3

New York State Education Law §2102-a ............................................................................... 1, 2

New York State Education Law §1709 ........................................................................................ 3

Western District of New York Local Rule of Civil Procedure, Rule 56.1 ................................... 2

**PRELIMINARY STATMENT**

The defendants, David S. Schaubert, Louis M. Palmeri, Robert Laub, and James Mezhir (hereinafter "Schaubert, Palmeri, Laub and Mezhir") submit this Reply Memorandum of Law in further support of their Motion for Summary Judgment dismissing plaintiff's Amended Complaint in its entirety, together with dismissal of all cross-claims asserted against them in this case.

In plaintiff's papers opposing defendants' motions for summary judgment, plaintiff merely sets forth, in conclusory fashion, his own supposition that plaintiff was removed from the Lewiston-Porter Central School District Board of Education (hereinafter "Board") for the unworthy purpose that he and Mr. Lilly were members of a minority faction of the Board. Plaintiff fails to provide any evidence to support his supposition and conspiracy theory that he was removed from the Board for any reason other than failing to comply with New York State Education Law §2102-a. In his opposing papers, plaintiff merely states that the hearing conducted by the Board, resulting in plaintiff's removal, was "illegal". Plaintiff offers no proof, nor does he point to any facts to support this claim. Plaintiff has also completely failed to rebut defendants' claims to protection by absolute privilege and/or qualified privilege. Plaintiff's claims regarding a violation of New York State's Open Meetings Law is without merit and irrelevant to this lawsuit.

Plaintiff has not offered any proof in admissible form to create an issue of material fact, offering only speculative conclusions. As there is no general issue as to any material facts, summary judgment is appropriate in this action.

# ARGUMENT

## POINT I

### PLAINTIFF'S OPPOSING PAPERS FAIL TO RAISE QUESTIONS OF FACT SUFFICIENT TO PRECLUDE THE GRANTING OF SUMMARY JUDGMENT DISMISSING THE AMENDED COMPLAINT

In his Statement of Material Facts pursuant to Western District of New York Local Rule of Civil Procedure 56.1, plaintiff fails to contend that there are genuine issues to be tried regarding any of the Statements of Material Facts submitted by defendants in accordance with Rule 56.1(a). In accordance with Rule 56.1(c), "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." The defendants specifically dispute the "facts" put forth by plaintiff as not meeting the requirements of Rule 56.

In his Statement of Material Facts, plaintiff has failed to contend that there exists any genuine issue to be tried with respect to any one of the 42 statements of fact submitted by defendants under Local Rule 56.1(a). Accordingly, plaintiff has admitted to the following:

1. New York State Education Law §2102-a and Board Policy No. 2331 required plaintiff to complete, within the first year of his term, six hours of FORT training. (defendants' Statement of Fact Nos. 7, 8, 9, 21);

2. Debra Sherman, Clerk of the Board and Jane Burzynski, Executive Director of the Erie County Association of School Boards, each sent letters to plaintiff with a notice announcing the mandatory FORT training. Plaintiff maintained and produced these documents in response to discovery demands (defendants' Statement of Fact Nos. 10, 11, 12, 13);

3. Ms. Sherman provided plaintiff and the other Board members notices on FORT training on four additional occasions between September 2006 and May 2007. Each of the notices advised the Board members (including plaintiff) that completion of the FORT training was mandatory under New York State Education Law (defendants' Statement of Fact Nos. 14, 15, 16, 17, 18, 19);

4. Plaintiff also received a notice of the mandatory FORT training at an orientation on July 12, 2006 (defendants' Statement of Fact No. 20);

2

5. Plaintiff failed to complete the FORT training, within the first year of his elected term, as required by New York Education Law and Board policy (defendants' Statement of Fact No. 22);

6. At the time the charges were filed against him, plaintiff did not know whether his failure to complete the FORT training could be considered "official misconduct" under Education Law §1709. Even though he is a lawyer, plaintiff conducted legal research to determine the answer to this question. (defendants' Statement of Fact Nos. 25, 26);

7. Plaintiff admits that a Board member may be removed by the Commissioner of Education for willfully refusing to undergo the FORT training, but plaintiff does no know whether the Board may remove a Board member for this reason (defendants' Statement of Fact Nos. 27, 28);

8. There were no FORT training courses available for plaintiff to take in order to comply with Education Law and Board policy, between June 19, 2007 and July 1, 2007 (defendants' Statement of Fact No. 31);

9. Plaintiff and Mr. Lilly's three separate requests for a stay were denied by the New York State Commissioner of Education, Supreme Court Justice Frank Caruso, and New York State Appellate Justice Erin Peradotto (defendants' Statement of Fact Nos. 32, 33, 34);

10. During the hearing conducted before the Board on June 30, 2007, plaintiff was provided the opportunity to be represented by counsel; provide an opening statement, cross-examine all witnesses; call witnesses on his own behalf; and make a closing argument (defendants' Statement of Fact No. 36, 37).

Plaintiff's submissions opposing defendants' motions for summary judgment are mere allegations set forth in a conclusory fashion, unsupported by any reference to facts or affidavits which establish a genuine issue for trial. Plaintiff has failed to meet his obligation set forth in the Federal Rules of Civil Procedure, Rule 56(e)(2), which states:

> "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment, should, if appropriate, be entered against that party."

It is significant to note that plaintiff, while nominally *pro se* in this litigation, is a duly admitted attorney. In prosecuting this action, plaintiff chose to conduct no depositions in this matter, thereby waiving his opportunity to attempt to develop any testimony to support his allegations. Plaintiff's papers contain not proof but his own beliefs and characterizations as to what he would like the facts to be. Plaintiff's beliefs are not relevant; what is necessary is actual admissible proof. Plaintiff's papers are totally devoid of any such proof.

## POINT II

### PLAINTIFF HAS NOT ESTABLISHED THAT THE HEARING WAS ILLEGAL

Plaintiff's conclusory statement that the hearing to remove him was illegal is unsupported by any facts or proof provided by plaintiff. Plaintiff's belief that the New York State Commissioner of Education, in his decision, rejected plaintiff's violation of Education Law §2102-a as a basis for removal of a Board member, is unfounded. Plaintiff appears to base his argument on the simple fact the Commissioner's decision ultimately reinstated him to his Board position as proof that his removal was improper in procedure and a refutation of any statutory violation or misconduct by plaintiff.

On the contrary, the Commissioner, in his decision directing reinstatement of plaintiff stated: "I do not take this action lightly. The mandatory Board member training requirement is a critical component of the fiscal accountability legislation enacted in 2005….on the record before me, it appears that petitioners [plaintiff and Lilly] did not take this educational requirement seriously, and did not demonstrate the kind of accountability that the statute and its implementing regulations…contemplate" (Exhibit P).

4

Although the Commissioner reinstated plaintiff, he did so on the limited grounds that the plaintiff's removal on June 30, 2007 was premature, because plaintiff had until July 2, 2007 to complete the training. The Commissioner specifically stated, "Under these circumstances, I am constrained to sustain the appeal to the extent that petitioners seek reinstatement."

At no time does the Commissioner find that procedure utilized to bring charges against plaintiff and to prosecute those charges was in any way improper. Furthermore, the Commissioner, as noted, specifically observed that plaintiff had not complied with the statutory requirements of financial training. There was no finding that plaintiff was "illegally" removed from office.

What is more relevant to plaintiff's lawsuit is that on three separate occasions the Commissioner of Education has granted certificates of good faith for the defendants, determining that their actions, in bringing these charges against plaintiff and in conducting the hearing on June 30, 2007, and subsequently removing plaintiff from the Board was within the scope of their duties as Board members and that defendants acted in good faith. These decisions, dated December 4, 2007, March 25, 2008, and May 22, 2009, have been submitted in defendants' motion papers and are listed as <u>Exhibit Q</u>, <u>Exhibit P</u>, and <u>Exhibit H</u>, respectively.

### POINT III

### DEFENDANTS ARE PROTECTED BY ABSOLUTE AND/OR QUALIFIED PRIVILEGE

Plaintiff does not address his defamation claim in responding to the defendants' motion or in his motion in chief and therefore should be considered to have waived that claim. Even if the claim is considered, plaintiff's defamation claim against defendants must fail because any statements made by the defendants, in bringing the charge against plaintiff and in the subsequent hearing, are absolutely privileged, even if they were in fact defamatory, in accordance with *Boice*

5

*v. UNISYS Corp.*, 50 F.3d 1145 (2nd Cir. 1995); *Board of Education of City of Buffalo v. Buffalo Council of Supervisors and Administrators*, 52 A.D.2d 220, 383 N.Y.S.2d 732 (4th Dept. 1976). There is no question that the defendants' actions, which plaintiff has alleged as the basis of his defamation claim, arise from their capacity as elected members of the Board.

Plaintiff has failed to rebut defendants' claim to an absolute privilege, which applies to judicial proceedings, and legislative proceedings in accordance with *Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783 (1951); *Park Knoll Associates v. Schmidt*, 59 N.Y.S.2d 205, 464 N.Y.S.2d 424 (1983). Plaintiff's claim that defendants used a pretext, the violation of Education Law, in removing him from the Board, is irrelevant. As declared in *Tenney v. Brandhove*, the claim of an unworthy purpose does not destroy the privilege. *Id.* at 377, 71 S. Ct. 783, 788.

The hearing conducted before the Board on June 30, 2007 was quasi judicial in nature. As more clearly set forth in defendants' Statement of Facts, plaintiff was provided formal notice of the charges, in accordance with New York State Education Law, more than ten days in advance of the hearing. Plaintiff had an opportunity and mechanism to challenge whether the hearing should go forward, and plaintiff's request for a stay from the Commissioner of Education was denied. Plaintiff had the right to be represented by an attorney. Plaintiff had the opportunity to, and in fact did, confront the witnesses and the evidence against him. Plaintiff had the opportunity to, and in fact did, present proof at the hearing. The hearing was conducted before a neutral hearing officer. Finally, plaintiff was provided the opportunity to, and in fact did, pursue an appeal with the New York State Commissioner of Education.

Plaintiff's allegations that defendants used his failure to complete the FORT training as a pretext in removing him from the Board is irrelevant, in light of the absolute immunity to which defendants are entitled as members of the Board. *Tenney, supra*. Plaintiff's allegations are

6

analogous to those allegations in *Ellis v. Coffee County Board of Registrars*, 918 F.2d 1185 (11th Cir. 1993). In *Ellis*, the court held that the County Commissioners were entitled to absolute immunity as a matter of law, since they were performing their legislative functions when they conducted their investigation. The court held that "[e]ven if the Ellises could prove conspiracy or bad faith by the commissioners, an unworthy purpose does not remove absolute immunity protection from legislators acting in their legislative capacity" *Id.* at 1191.

Defendants have also raised the privilege of qualified immunity to which they are entitled, and plaintiff has failed to rebut it or in any way address the privilege. As stated in *Bolton v. City of Dallas*, 472 F.3d 261 (5th Cir. 2006), "Once a public official has raised the defense of qualified immunity, the burden rests on the plaintiff to rebut it" *Id.* at 265. The plaintiff's burden is to point to disputed facts which must be sufficient, if accepted, to allow a "reasonable trier of fact to determine (1) that the defendant violated the plaintiff's constitutional rights and (2) that the violation was objectively unreasonably." *Id.* at 265-266.

It is clear that plaintiff cannot establish a constitutionally protected property right in his position as a school board member, in accordance with *Taylor v. Beckham*, 178 U.S. 548, 20 S.Ct. 890 (1900); *Velez v. Levy*, 401 F.3d 75, (2nd Cir. 2004). Even assuming *arguendo* that plaintiff had some other constitutionally protected right in his position as a school board member, plaintiff has failed to establish that the contours of plaintiff's right were sufficiently clear, such that a reasonable official would understand that removing plaintiff from the Board violated that right. Defendants are simply charged with what a reasonable person would have known, not a lawyer or someone with specialized knowledge in accordance with *Velez v. Levy*, 401 F.3d 75 (2nd Cir. 2004), *citing McCullough v. Wynadanch Union Free School*, 187 F.3d 272 (1999).

In determining whether defendants would reasonably understand that they were violating plaintiff's constitutional rights by voting to conduct a hearing, conducting the hearing, and voting to remove plaintiff from the Board, the relevant proof is found in defendants' Rule 56.1 Statement of Facts. Plaintiff had received seven (7) separate notices of his mandatory obligation to complete FORT training. As Board members, defendants also received the four (4) notices on FORT training provided by the Board Clerk, Debra Sherman. Plaintiff failed to complete the mandatory FORT training by June 19, 2007. There were no additional FORT training courses available between June 19, 2007 and June 30, 2007. Board attorney, F. Warren Kahn, agreed to prepare the formal charge, and opined that filing the formal charge against plaintiff before the conclusion of the first year was proper since there were no additional FORT courses available before the June 30, 2007 hearing date. Board attorney, F. Warren Kahn agreed to marshal and present evidence regarding the charges of misconduct against plaintiff. The Commissioner of Education denied the request for a stay of the hearing. New York State Supreme Court Justice Frank Caruso also denied plaintiff's request for a stay of the hearing.

Within the context of the aforementioned knowledge, a reasonable official would not understand that proceeding with a hearing against plaintiff, violated plaintiff's constitutional rights. It has been stated that the "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law'" *Mislin v. City of Tonawanda School District,* 2007 WL 9522048, *15 (W.D.N.Y.) *citing Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 343, 106 S.Ct. 1092, 89 L.Ed2d 271 (1986). Even plaintiff admits that a willful failure to complete the FORT training could be considered official misconduct and a basis for removal by the Commissioner of Education. Plaintiff also admits, in

8

his deposition, that he does not know whether the Board may remove a Board member who willfully refuses to undergo the FORT training (<u>Exhibit E</u>, pp. 305-306, 312).

## POINT IV

## OPEN MEETINGS LAW

Plaintiff's allegation that defendants violated New York's Open Meetings Law is without merit and irrelevant. It should be noted that plaintiff's original and amended complaint are completely devoid of any reference to or allegations concerning a violation of New York's Open Meetings Law. Plaintiff's attempt to raise this argument, for the first time, as part of a dispositive motion, is improper. *See e.g. Cutrera v. Board of Supervisors of Louisiana State University,* 429 F.3d 108, 113 (5th Cir. 2005).

Notwithstanding, plaintiff has failed to establish the requirements of the Open Meetings Law were violated by defendants. New York Public Officers' Law §100 applies only when a quorum is present. *Mobil Oil v. City of Syracuse*, 224 A.D.2d 15 (4th Dept. 1996). There are seven members of the Board, so at least four members would need to be present in order for the Open Meetings Law to be in question. Plaintiff has failed to establish that there was ever a meeting, with at least four members present, where plaintiff was not present. Plaintiff merely alleges that defendant Schaubert acted as the hub and "conspired with all defendants as spokes." The matters discussed by the members of the Board and counsel outside of the confines of a formal meeting did not violate the Open Meetings Law. These discussions did not constitute the convening of a meeting to set policy and no determination was made that bound the Board. *Hill v. Williamsville Southeast Amherst Homeowners Association, Inc.*, 140 A.D.2d 967 (4th Dept. 1988).

Plaintiff alleges that defendants discussed the process and procedure in bringing charges against plaintiff. The ultimate filing of the formal charge against plaintiff and the subsequent hearing occurred in public session, with six of the seven Board members present, including plaintiff. Notwithstanding, even if plaintiff were to establish a violation of the Open Meetings Law, he has failed to establish its relevance to his claims in this lawsuit.

## CONCLUSION

Plaintiff has failed to offer any proof in admissible form which would create an issue of material fact. Plaintiff offers only speculative conclusions unsupported by any reference to any facts or admissible proof that would raise an issue as to any material fact.

In view of the foregoing, defendants David S. Schaubert, Louis M. Palmeri, Robert Laub and James Mezhir, respectfully request an order granting summary judgment dismissing plaintiff's Amended Complaint in its entirety together with dismissal of all cross-claims asserted against defendants, David S. Schaubert, Louis M. Palmeri, Robert Laub and James Mezhir.

DATED:   Buffalo, New York
         September 11, 2009

                              COLUCCI & GALLAHER, P.C.


                              /s/ Todd C. Bushway
                              Michael J. Keane
                              Todd C. Bushway
                              *Attorneys for Defendants,*
                              *David S. Schaubert, Louis M. Palmeri,*
                              *Robert Laub and James Mezhir*
                              2000 Liberty Building
                              424 Main Street
                              Buffalo, New York 14202
                              (716) 853-4080
                              mkeane@colucci-gallaher.com
                              tbushway@colucci-gallaher.com