# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

SCOTT A. STEPIEN

Plaintiff

vs.

DAVID S. SCHAUBERT, F. WARREN KAHN,
LOUIS M. PALMERI, ROBERT LAUB, JAMES
MEZHIR, KARL W. KRISTOFF, and
HODGSON RUSS LLP

Defendants

========================================

## DEFENDANTS KARL KRISTOFF AND HODGSON RUSS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

### 08 CV 0487A

========================================

Dated:     Buffalo, New York
           September 11, 2009.

**Introduction**

Defendants Kristoff and Hodgson Russ brought their motion for summary judgment seeking dismissal of each of the six counts of the amended complaint on the basis that (1) the allegations against Kristoff are based on the legal services he provided as special counsel to the District, and an attorney providing legal services to a client is not a state actor under Section 1983, (2) the Board's actions in removing plaintiff as a Board member are absolutely privileged as the Board was acting pursuant to its statutory authority to remove a member it found was guilty of official misconduct, and that absolute privilege extends to Mr. Kristoff as the Board's attorney, (3) plaintiff's allegations of conspiracy are barred by the intra-corporate conspiracy doctrine which holds that when a board takes an action, it does so as a single entity and its members and agents cannot be charged with conspiracy and (4) plaintiff's defamation claim is barred by the judicial and legislative proceedings privileges.

Plaintiff's response to defendants' motions for summary judgment consists of plaintiff's four page affirmation, a six paragraph affidavit of Edward Lilly, a four-page memorandum of law, a statement of material facts, and over 4 inches of

exhibits.[1]  Plaintiff's response is woefully inadequate and insufficient to defeat the

summary judgment motion of defendants Kristoff and Hodgson Russ.

## POINT I

### PLAINTIFF'S AFFIRMATION AND THE LILLY AFFIDAVIT FAIL TO PRESENT ADMISSIBLE EVIDENCE AGAINST HODGSON RUSS AND KRISTOFF

As an attorney and a member of the bar of this Court, plaintiff is aware that a

motion for summary judgment must be responded to with admissible evidence.[2]

Plaintiff elected not to take depositions or any other discovery of any of the

defendants. Having waived that opportunity, which obviously would have provided

plaintiff with the ability to question defendants about their actions, plaintiff's

---

[1]    Plaintiff submitted, in bulk, the following exhibits:
Exhibit A-Lewiston Porter school board meeting minutes, apparently for the year 2006 – 2007.

Exhibit B.- invoices submitted by Hodgson Russ and Warren Kahn to the Lewiston Porter school district.

Exhibit C.-plaintiff's petition to the Commissioner of Education dated July 12, 2007.

Exhibit D - the response of the respondents to plaintiff's petition to the Commissioner of Education.

Exhibit E - plaintiff's reply to the response.

Exhibit F - a copy of the amended complaint in this case.

[2]    As part of the motion papers, plaintiff was also served with a "Notice to Pro Se Litigant" which alerted him to this obligation.

affirmation merely sets forth plaintiff's "belief"[3] and his interpretation of events and documents. The affirmation is filled with conclusory statements that are devoid of any proof of conspiracy. As to Kristoff and Hodgson Russ, plaintiff relies solely on plaintiff's interpretation of documents, without any specific reference, for his claim that Hodgson Russ "conspired" with the other defendants.[4] Plaintiff's claim that exhibits, such as Hodgson Russ billing records, are proof of conspiracy is insufficient to raise a question of fact. See, <u>Notaro v. Giambra</u>, 2005 W.L. 711875 (W.D.N.Y. 2005)(J. Skretny)("It is not this Court's duty or function to search the record in support of a litigant's suggested argument"). Plaintiff's affirmation provides no admissible evidence against defendants Kristoff and Hodgson Russ on the issues raised by the amended complaint.

The Lilly affidavit also provides no admissible proof in support of the allegations in the amended complaint. The Lilly affidavit does not set forth a single specific allegation regarding defendant Kristoff or Hodgson Russ. Instead, like plaintiff's affirmation, the Lilly affidavit simply sets forth Lilly's inadmissible "belief" that the defendants acted to remove plaintiff and Lilly from the Board

---

[3]    Plaintiff's affirmation states his "belief. . . .that [defendants] did not like they(sic) way your deponent and Lilly were voting on some key issues and that they all wanted your deponent and Lilly out of the way." Plaintiff's aff., at ¶7.

[4]    "As shown by the [unspecified] exhibits, the defendants. . .Kristoff and. . . Hodgson Russ conspired with the other defendants." <u>Id</u>.

because of the "voting record" of Lilly and plaintiff.

In this case, plaintiff makes the conclusory assertion that he was removed from the Board because of positions he took as a Board member. Plaintiff's affirmation, at ¶ ¶ 5 and 7. The Second Circuit has held that a plaintiff bringing such a claim "may not rely on conclusory assertions of retaliatory motive to satisfy the causal link" between the positions he claims he took as a Board member and his removal from the Board. See Cobb v. Pozzi, 363 F.3d 89, 108 (2d Cir. 2004). A plaintiff is obligated, in response to a summary judgment motion, to produce "some tangible proof to demonstrate that [his] version of what occurred was not imaginary." Morris v. Lindau, 196 F.3d 102, 111 (2d Cir. 1999). Likewise, a plaintiff alleging a conspiracy must produce tangible proof to back up his claims. He cannot rely on his "imagination" or, as plaintiff here attempts to do in his affirmation and the Lilly affidavit, on "beliefs." Plaintiff has produced admissible proof against defendants Kristoff and Hodgson Russ and therefore his claim claims must be dismissed.

## POINT II

### PLAINTIFF'S MEMORANDUM OF LAW FAILS TO ADDRESS THE CASE LAW RELIED ON BY DEFENDANTS

The shortcomings in plaintiff's response are exemplified by his Memorandum of Law which fails to distinguish a single case cited by any of the defendants. As

one example, the Hodgson Russ Memorandum of Law cited seven Circuit Court cases outside the Second Circuit and five District Court cases within the Second Circuit that have held that a private attorney's provision of legal services to a client, including municipal bodies such as a school board, does not constitute state action under §1983. Hodgson Russ memo of law at 13-15, and fn.17. In his response, plaintiff has either ignored this issue, or has acknowledged that his first four causes of action against Hodgson Russ and Kristoff are not sustainable, as the memo states that "[t]he attorneys are joined under 42 U.S.C. §1985(3)," the conspiracy section of the statute.[5]

Plaintiff can point only to the testimony of defendant Schaubert[6] that he discussed his intention to prefer charges against plaintiff and Lilly with various board members, Mr. Kristoff and Mr. Kahn. Plaintiff's Exhibit E at 152-154. Discussion of an intention to bring charges against an individual is not proof of conspiracy. Indeed, the cases cited by plaintiff in support of his conspiracy claim against defendant Kristoff, Elmasri v. England, 111 F. Supp 2d. 212 (E.D.N.Y. 2000) and Franzon v. Massena Memorial Hospital, 89 F. Supp 2d 270 (N.D.N.Y. 2000) fail to support plaintiff's claim in any way. In Elmasri, the court dismissed Section 1983 claims

---

[5]     The amended complaint specifically alleges that Kristoff "act[ed] under color of state law in violation of Section 1983." See Am. Comp., §§18, 25, 26.

[6]     See Point III, infra, page 8, which explains that plaintiff falsely states in his Statement of Material Facts that defendant Schaubert admitted "conspiring" with the board members, Kristoff and Kahn.

against attorneys because "[t]hey acted purely as private individuals . . .". Id, at 221. Franzon did not involve claims against attorneys for violating Section 1983 or 1985.

Plaintiff also ignores the cases cited by these defendants holding that when a local board performs legislative duties (here, its duty under N.Y. Education Law Section 1709(18) to remove a member for official misconduct) its actions are absolutely privileged. Instead, plaintiff cites Miller v. Town of Hull, Massachusetts, 878 F.2d 523 (1st Cir. 1989). His reliance on that case is misplaced. The Miller case did not involve a claim under Section 1983 or Section 1985 against an attorney, nor did it involve a statute making it a board's "duty" to remove a member for official misconduct. Further, Miller did not involve an allegation that the member of the local board had violated a state statute. Finally, the Miller case is a post trial decision, not a decision on summary judgment.

On his conspiracy claim, plaintiff ignores the cases cited by defendants which hold that the intra-corporate conspiracy doctrine bars a conspiracy claim against Board members and the Board's attorney. See Hodgson Russ Memo of Law, at 20-21. Instead, without any supporting case law, and in contravention of the holding in the Simpson case[7], cited in the Hodgson Russ memo of law, plaintiff simply declares

---

[7]    Simpson v. Town of Southampton, 2007 W.L. 1755749 (E.D.N.Y. 2007), cited in the Hodgson Russ memo at 21.

that the doctrine does not apply because "the attorneys are not school employees, and there were numerous instances of conspiratorial activity, not one." Plaintiff's memo, at 4.

Plaintiff also fails to respond to the summary judgment motion's attack on his sixth cause of action for defamation. His memo of law does not even mention his defamation claim.

In sum, plaintiff has failed to produce proof sufficient to survive the summary judgment motion of defendants Kristoff and Hodgson Russ. Therefore their motion should be granted.

## POINT III

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS DOES NOT COMPLY WITH LOCAL RULE 56.1 AND FAILS TO OBJECT TO DEFENDANTS' STATEMENT OF MATERIAL FACTS WHICH ARE THEREFORE DEEMED ADMITTED**

For numerous reasons, plaintiff's statement of material facts is deficient. First, instead of stating "facts", plaintiff includes argument and characterization of people and events. Example: at statement 20, plaintiff argues that the June 30, 2007 "hearing was not fair because neither plaintiff nor Lilly were ever told prior to the hearing what evidence would be presented against [them]." Likewise, at statement 24, plaintiff offers his characterization of events: "the defendants. . .could not stand

plaintiff and Lilly vocally advocating for the community. . . through our voting record while [defendants] served the singular interests of the teacher (sic) union."

Second, many of plaintiff's statements are unsupported by any specific citation to admissible evidence as required by Local Rule 56.1(d). When plaintiff does cite to a document, the citations are general in nature and the "facts" consist of conclusory allegations. See statements 1-4, 10, 24. Another example: at statement 16, plaintiff simply cites generally to Hodgson Russ billing records as alleged evidence to back up his "statement of fact" that "defendant Kristoff was [sic] conspired with defendant Kahn and Schaubert on June 12, 2007."

Third, plaintiff states "facts" that are neither material to the motion nor that have any evidentiary support. Examples: Statement 21 states defendant Schaubert "admitted [at the June 30, 2007 hearing] conspiring with all other defendants, including Kristoff and Kahn, to engineer the illegal removal of plaintiff and Lilly." No such admission appears in the cited testimony. Schaubert's testimony stated only that he informed other Board members and the attorneys of his intention to prefer charges against plaintiff and Lilly. Plaintiff's Ex. E, at 152-54. Statement 3 includes the "fact" that "the teacher union actively recruits, endorses, and funds candidates for the Board" and statement 24 makes a similar claim that the defendants "served the singular interests of the teacher union." No admissible evidence supports such

statements. Furthermore, plaintiff's amended complaint does not even mention the teacher's union, which makes these "statements" immaterial to plaintiff's allegations.

Nowhere does plaintiff set forth statements supported by admissible evidence which disprove the central premises of these defendants' summary judgment motion, i.e., that plaintiff has no proof that Mr. Kristoff did anything but provide legal advice and counsel as special counsel to the District, its Board and its attorney, Mr. Kahn.

## CONCLUSION

This Court should grant the motion for summary judgment of defendants Kristoff and Hodgson Russ LLP.

DATED:    Buffalo, New York.
          September 11, 2009.

**HAGERTY & BRADY**

By:    s/Michael A. Brady
       **MICHAEL A. BRADY, ESQ.**
       Attorneys for Defendants,
       Karl Kristoff and Hodgson Russ LLP
       69 Delaware Avenue, Suite 1010
       Buffalo, NY 14202-3875
       (716) 856-9443

TO:   SCOTT A. STEPIEN
      *Pro Se*

5279 Military Road
Lewiston, NY 14092

Brian Sutter, Esq.
Sugarman Law Firm, LLP
Attorneys for Defendant Kahn
1600 Rand Building
14 Lafayette Square
Buffalo, NY 14203

Michael J. Keane, Esq.
Colucci & Gallaher
Attorneys for Defendants
Schaubert, Palmeri, Laub and Mezhir
2000 Liberty Bldg.
424 Main St.
Buffalo, NY 14202

[karen/mab/hodgson (stepien)/9 8 09 reply memo]